T.C. Summary Opinion 2001-104


UNITED STATES TAX COURT


JOHN MOSIER AND SARAH SPAIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9492-99S.                    Filed July 13, 2001.


John Mosier, pro se.

<u>Scott T. Welch</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes of $1,756, $8,480, and $6,059 for the taxable years 1993, 1994, and 1995, and an addition to tax under section 6651(a)(1) in the amount of $287 for taxable year 1995.

The issue for decision is whether petitioners have substantiated various business expense deductions and itemized deductions.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Jefferson, Louisiana, on the date the petition was filed in this case.

The following concessions were made by the parties in the Stipulation of Facts. Respondent concedes the addition to tax under section 6651(a)(1). Petitioners concede that (1) they are not entitled to deductions in 1994 for bad debt expense and legal expense of $22,950 and $4,338, respectively, and (2) a State

---

[1]Adjustments in the notice of deficiency to medical expense deductions in 1994 and 1995, and the application of the floor on miscellaneous itemized deductions in each of the years in issue, are computational and will be resolved by the Court's holding on the issue in this case.

income tax refund of $494 is includable in their gross income in 1995.[2]

Other concessions were made or modified outside the stipulation. The first concerns the interest expense deducted by petitioners with respect to their writing/lecturing business. Petitioners deducted interest expenses for this business in the amounts of $5,342, $6,845, and $11,303, for 1993, 1994, and 1995. Of these amounts, respondent disallowed (i.e., made adjustments of) $1,417, $4,256, and $10,206. In his trial memorandum, respondent concedes that the notice of deficiency should have allowed as deductions expenses of $3,878, $2,774, and $1,061 for the years 1993, 1994, and 1995, respectively. Respondent made conflicting statements at trial, stating that the adjustments in the notice of deficiency should be reduced by the amounts of (rather than result in allowances of) $3,878, $2,774, and $1,061 for the years in issue, respectively. Because it is clear from the record that respondent's counsel misspoke at trial, we accept the trial memorandum's version as respondent's concession. However, we will disregard the conceded amounts in 1993 and 1995 because these amounts actually decrease the amount of allowable

---

[2]The stipulation also contained a purported concession in respondent's favor concerning petitioners' travel/writing/ consulting business. The concession names "other interest", an expense not at issue in this case with respect to that business. Although we assume the parties meant to refer to travel expenses, which are at issue, we do not need to resolve the ambiguity in this concession due to our holding on the issue in this case.

interest expense in those years from what was reflected in the notice of deficiency.[3] Respondent bears the burden of proving increased deficiencies pursuant to Rule 142(a) and has not presented sufficient evidence to support such a finding. Thus, under respondent's limited concession, petitioners are entitled to deductions for interest expenses of $3,925 in 1993, $2,774 in 1994, and $1,097 in 1995.

The next concession concerns the travel expenses deducted by petitioners with respect to the writing/lecturing business. Petitioners deducted expenses of $4,094, $6,355, and $6,790[4] in 1993, 1994, and 1995. Respondent allowed in the notice of

---

[3]Respondent's concession doubles the interest expense reflected in the notice of deficiency as actually having been paid in each individual year. The decreases in the amounts allowed as deductions are due to the notice's capitalization of the interest expenses under sec. 263A, which would have resulted in the dispersion of the expenses across the span of several years, also drawing into the years in issue expenses incurred prior thereto. However, contrary to respondent's position in the notice of deficiency (which he now concedes), sec. 263A does not apply to writers. Sec. 263A(h)(1). The parties' intentions are unclear with respect to the interrelationship of the concession concerning capitalization and the concessions of specific amounts of various expenses. We assume that the parties intended the conceded amounts to reflect the changes caused by the switch from capitalization, and that the amounts remaining at issue are those amounts which petitioners argue were incurred in the individual years in issue (not in prior years).

[4]In 1995, petitioners claimed deductions of $3,301 in "travel expenses" and $3,489 in "other expenses". The latter were capitalized travel expenses from prior years. See supra note 3. Respondent classified all these expenses as "travel expenses" in the notice of deficiency. We follow this classification.

deficiency deductions of $1,551, $3,553, and $2,563.  Respondent concedes in his trial memorandum that petitioners should have received current-year expense deductions[5] of $3,102, $3,242, and $1,992 in the notice of deficiency.  Respondent concedes in the stipulation that petitioners are entitled to additional deductions of $992, $1,244, and $2,738.  Finally, respondent conceded at trial the initial adjustment to the travel expenses in 1993, thereby conceding that petitioners were entitled to a deduction of $4,094 in the notice of deficiency.  Thus, under respondent's multiple concessions, petitioners are entitled to deductions for travel expenses of $5,086 in 1993, $4,486 in 1994, and $4,730 in 1995.

The following table reflects items which remain at issue in this case after the various concessions.  The amounts of deductions claimed by petitioners on their Federal income tax returns are shown, along with the total allowances and concessions by respondent.

| | 1993 | | 1994 | | 1995 | |
| --- | --- | --- | --- | --- | --- | --- |
| | Claimed | Allowed/ Conceded | Claimed | Allowed/ Conceded | Claimed | Allowed/ Conceded |
| Business expenses (Sch. C) | | | | | | |
| Writing/lecturing | | | | | | |
| Interest expense | $5,342 | $3,925 | $6,845 | $2,774 | $11,303 | $1,097 |
| Travel expense | | | 6,355 | 4,486 | 6,790 | 4,730 |
| Travel/writing/consulting | | | | | | |
| Travel expense | | | | | 2,676 | -0- |
| Other expense | | | | | 725 | -0- |
| Itemized deductions (Sch. A) | | | | | | |
| Mortgage interest expense | 12,853 | 8,653[1] | | | | |
| Miscellaneous | 10,202 | 856 | 11,998 | 5,626 | 9,147 | 1,709 |

---

[5]See supra note 3 regarding the issue of capitalization.

¹The notice of deficiency states that petitioners had already consented to the assessment of a $1,207 deficiency resulting from this $4,200 adjustment.  This previously assessed tax was subtracted from the corrected tax liability in arriving at the amount of the deficiency at issue in this case.  See sec. 6211(a)(1)(B).  Petitioners nevertheless dispute this adjustment.  Due to our holding on the issue in this case we need not address the relevancy of any consent by petitioners to an assessment.

We now turn to the issue for decision.  As a general rule, ordinary and necessary business expenses are deductible, but personal, family, and living expenses are not.  Secs. 162(a), 262(a).

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969).  Section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction

is allowable (1) for traveling expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property. Listed property includes passenger automobiles and other property used as a means of transportation. Sec. 280F(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

Petitioners presented evidence of numerous credit card interest payments made during the years in issue, purportedly in connection with the writing/lecturing business. They dispute respondent's determination of the percentage of these expenses that was business rather than personal. However, they did not provide the Court with a more reliable method of ascertaining the correct percentage, and they did not otherwise show more interest to be deductible than that which was determined to be so by respondent.

Petitioners presented no evidence to substantiate the claimed itemized deductions. They testified that some of their substantiating documents had been destroyed when repair work had been done on or around their condominium apartment. However, petitioners did not provide the Court with any reliable method by which we could estimate any deductible expenses.

Petitioners presented as evidence receipts for travel expenses for the writing/lecturing business in 1994. However, respondent's concessions took into account this additional substantiation. No evidence was presented for the travel expenses for this business in 1995.

Petitioners presented a credit card statement showing costs relating to a Caribbean cruise, purportedly a travel expense related to the travel/writing/consulting business. However, they failed to provide an adequate explanation as to how this expense was a business expense, and in its absence we find instead that it was a nondeductible personal expense. Finally, petitioners presented no evidence substantiating the deduction for "other expenses" claimed for this business.

We sustain respondent's determinations with respect to the items at issue, as modified by the various concessions.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.